IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WRH REALTY, LLC, )
        Plaintiff, )
vs. ) Civil Action No. 10-1255
FAYETTE COUNTY, THE FAYETTE COUNTY )
TAX CLAIM BUREAU and SARAH THOMAS, )
an Individual, )
        Defendants. )

AMBROSE, Senior District Judge

## MEMORANDUM ORDER OF COURT

Plaintiff filed a Complaint alleging that it purchased a piece of land at an Upset Tax Sale (Tax Parcel No. 18-01-0013-68) believing, based on the yearly tax assessments, that the land contained thereon a cell phone tower.[1] In 2003, the Fayette County Assessor had determined that there existed a 192 square foot building and cell phone tower on the land and assessed the property to be worth $36,180.00. From 2003-2009, real estate taxes were levied on the property with the structures. Neither structure, however, ever existed. In 2008, Defendant, Fayette County Tax Claim Bureau conducted a sale on the property for the unpaid taxes. Before the sale, a member of the property owner's family called Defendant, Sarah Thomas, to inform her that there was no cell phone tower erected and that the assessment was a mistake. Notwithstanding, Defendants went ahead with the sale giving no notice or warning to Plaintiff that there was no cell phone tower or 192 square foot building on the property.

Plaintiff filed a three count Complaint: Count 1 – Violation of Civil Rights; Count 2 – Fraud; and, Count 3 - Negligence. (ECF No. 1). The Defendants have filed a Motion to Dismiss the Complaint arguing, *inter alia,* that the complaint fails to state a cause of action pursuant 42 U.S.C. §1983. (ECF No. 8). Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6)

---
[1] Unless otherwise noted, the facts are taken from Plaintiff's Complaint.

of the Federal Rules of Civil Procedure. When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief **requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.** Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007) (cites and footnote omitted)(emphasis added); *see also*, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citations omitted).

In *Iqbal,* the Court specifically highlighted the two principles which formed the basis of the *Twombly* decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. *Id.* at 1949-1950. *See also, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.* at 1950. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. *Id., citing,* F.R.Civ.P. 8(a)(2).

**Plaintiff's Civil Rights Violation Claim – Count I[2]**

Defendants assert that Plaintiff cannot assert a cause of action for a violation of his procedural due process rights. (ECF No. 9, pp. 10-12). The Third Circuit has succinctly set forth the process for assessing a due process claim.

> The Fourteenth Amendment prohibits state action which "deprive[s] any person of life, liberty, or property, without due process of law." To enable individuals to enforce these rights, Congress enacted § 1983 as a federal cause of action against deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States. To state a § 1983 claim, Plaintiffs must demonstrate that Defendants, acting under the color of state law, deprived Plaintiffs of a right secured by the Constitution or the laws of the United States. . .
>
> To establish a procedural due process claim under § 1983, Plaintiffs must prove (1) a deprivation of an individual interest encompassed by the Fourteenth Amendment's protection of life, liberty, or property, and (2) that the procedures available did not provide due process of law.

*Culinary Service Of Delaware Valley, Inc. v. Borough Of Yardley*, No. 09-4182, 2010 WL 2600683, *4 (3d Cir. June 30, 2010) (citations omitted).

In this case, Plaintiff claims that its due process was violated when Defendants took its money without due process of law. (ECF No. 1, ¶30). I disagree. This case involves a contract for the sale of property. There is no allegation in the Complaint that Defendants have unconstitutionally taken the property. Rather, Plaintiff received the real estate land (Tax Parcel No. 18-01-0013-68) for which it contracted to pay money. (ECF No. 1, ¶17). Simply alleging the sale was fraudulent, in that the land did not contain a cell phone tower as Plaintiff believed, does not implicate the due process clause.

THEREFORE, this 3rd day of May, 2011, upon consideration of Defendants' Motion to Dismiss (ECF No. 8), it is ordered that said Motion (ECF No. 8) is granted and Count I of the

---

[2] It is unclear what exact civil rights violation Plaintiff is asserting under §1983. *See,* Complaint (ECF No. 1, pp. 6-8). While the Complaint mentions the due process and equal protection clauses of the U.S. Constitution (ECF No. 1, p. 7), Defendants suggest that the only discernable claim asserted by Plaintiff is procedural due process claim for the deprivation of property without due process. (ECF No. 9, pp. 10-12). In response, Plaintiff only addresses a procedural due process claim and does not even mention an equal protection claim. (ECF No. 11). As a result, I assume that Plaintiff is only proceeding on a procedural due process claim.

Complaint is dismissed.[3]  I dismiss the Complaint, however, without prejudice, such that Plaintiff will be permitted to file an Amended Complaint by May 16, 2011, to attempt to sufficiently set forth a procedural due process claim, if possible.  Additionally, Plaintiff's Amended Complaint may reassert Counts II and III (state law claims).  If an Amended Complaint is not filed by that time, the case will be remanded to the state court for a determination on the state law claims and the case will be closed.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[3]The remaining claims in Plaintiff's Complaint are grounded in state law.  *See,* Complaint (ECF No. 1, Counts II and III).  In light of the fact that I have dismissed the §1983 claims over which I had original jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c)(3).  Accordingly, I will dismiss these claims pursuant to 28 U.S.C. §1367(c)(3), albeit without prejudice to refiling the claims in state court.  The dismissal of the state-law claims without prejudice should not work to Plaintiff's disadvantage. Section 1367(d) provides for at least a 30-day tolling of any applicable statute of limitation so as to allow a Plaintiff to refile its state law claims in state court.